UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, as subrogee of Star
of America Charters LLC,

**MEMORANDUM AND ORDER**
Case No. 14-CV-6481 (FB) (PK)

           Plaintiff,

-against-

GARPO MARINE SERVICES, INC.,

           Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

The Court previously found, after a bench trial, that Garpo Marine Services, Inc. ("Garpo"), was liable for damages to a vessel insured by National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). *See Nat'l Union Fire Ins. Co. v. Garpo Marine Servs., Inc.*, No. 14-CV-6481, 2017 WL 4157264 (E.D.N.Y. Sept. 19, 2017). In setting the amount of damages, the Court focused on the fair market value of the vessel. *See id.* at *4.

Pursuant to Federal Rule of Civil Procedure 59(e), National Union moves to amend the judgment to add damages not addressed in the prior memorandum and order and prejudgment interest. Garpo responds that the Court did not include the additional damages because National Union failed to carry its burden of proof, and

that the Court did not include prejudgment interest because it exercised its discretion not to award it.

This is one of the rare cases in which a motion for reconsideration actually points out "data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Although the damages portion of the bench trial focused on the value of the lost vessel, National Union did present evidence that it incurred a total of $130,485.33 to salvage, inspect, clean and store the vessel before declaring it a total loss. Contrary to Garpo's suggestion, the Court did not reject that evidence; it simply overlooked it. Therefore, the Court makes the additional finding that those costs were reasonably incurred as additional damages resulting from Garpo's negligence.

With respect to prejudgment interest, an award in admiralty cases is technically entrusted to the trial court's discretion, but the Second Circuit has instructed that it be granted "in the absence of exceptional circumstances." *Mitsui & Co. v. Am. Export Lines, Inc.*, 636 F.2d 807, 823 (2d Cir. 1981). The rate to be used, however, does rest "firmly within the sound discretion of the of the trial court." *Ingersoll Milling Mach. Co. v. M/V Bodena*, 829 F.2d 293, 311 (2d Cir. 1987). The Court finds that the yield of a one-year Treasury bill supplies an appropriate interest rate. *See id.* ("A plaintiff is entitled to the income which the monetary damages would have earned, and that should be measured by interest on short-term, risk-free obligations." (citation, internal

quotation marks, and alteration omitted)). The average yield between October 30, 2012, and February 13, 2018, was approximately 0.8% per year.

Accordingly, National Union's motion to amend the judgment is granted. The Clerk shall enter an amended final judgment in favor of National Union and against Garpo in the total amount of $917,789.03, consisting of (1) $750,000 for the value of the vessel, (2) $130,485.33 in additional damages, and (3) $37.303.70 in prejudgment interest.[1]

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 13, 2018

---

[1] ($750,000 + $130,485.33) x 0.8% per year x 5.2959 years = $37,303.70.